UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHELE WALKER, PEARL IRENE WISE, and TAMI HUNTER-NEAL, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>DIGNITY HEALTH, a California Corporation; dba MERCY MEDICAL CENTER – MERCED; and DOES 1 to 100,<br><br>Defendants. | Case No. 1:23-cv-00349-BAM<br><br>**ORDER DENYING PLAINTIFFS' MOTION TO REMAND TO STATE COURT**<br><br>(Doc. 4) |

This matter is before the Court on the motion of Plaintiffs Michele Walker, Pearl Irene Wise, and Tami Hunter-Neal to remand this action to Merced County Superior Court. (Doc. 4.) The motion was submitted on the parties' briefs, without oral argument, to Magistrate Judge Barbara A. McAuliffe.[1]  Having considered the briefing, and for the reasons that follow, Plaintiffs' motion will be denied.

**I.     BACKGROUND**

On May 31, 2022, Plaintiffs initiated this proposed class action in the Superior Court of

---

[1] The parties consented to have a United States Magistrate Judge conduct all proceedings in this case, including entry of final judgment, pursuant to 28 U.S.C. § 636(c).  (Docs. 8, 9, 10.)

1

the State of California, County of Merced. (Doc. No. 5-1, Ex. F.) The complaint alleges multiple violations of California wage and hour statutes. (*Id.*) The violations include the alleged failure to pay proper wages, failure to provide meal and rest breaks, failure to provide accurate itemized wage statements, and a violation of California's Unfair Competition Law. (*Id.*) Plaintiffs filed a first amended complaint on August 18, 2022, which added a claim for penalties under the Private Attorney General Act ("PAGA"). (Doc. 5-1, Ex. G.) Plaintiffs filed a second amended complaint ("SAC") on February 14, 2023, which added a claim for unpaid wages under California Labor Code § 510. As to this latter claim, Plaintiffs allege that illegal rounding resulted in proposed class members earning less than the legal minimum wage in the State of California or the full amount of overtime compensation for overtime hours worked. (Doc. 5-1, Ex. H.)

On March 8, 2023, Dignity Health filed a notice of removal, asserting federal question jurisdiction. Dignity Health contends that Plaintiffs' claim for overtime pay is preempted under section 301 of the Labor Management Relations Act of 1947 ("LMRA"). (Doc. 5.) Plaintiffs disagree and now move to remand the action to state court. (Doc. 4-1 at p. 2.) Dignity Health opposed the motion on April 17, 2023. (Doc. 5.) Plaintiffs replied on April 27, 2023. (Doc. 6.)

**II.     Parties' Positions and Contentions**

Plaintiffs argue that this Court does not have federal question jurisdiction over the SAC. (Doc. 4-1 at p. 2.) In particular, Plaintiffs contend that there is nothing on the face of the operative complaint that would create a federal question as they are not seeking to enforce federal laws, their claims are purely a matter of state law, and their wage claims are not subject to a collective bargaining agreement and do not require interpretation of such an agreement.

In opposition, Dignity Health maintains that this Court has federal question jurisdiction over this matter because Plaintiffs' overtime claim is preempted by the LMRA. Dignity Health asserts that Plaintiffs' right to overtime derives from the collective bargaining agreements ("CBAs") that applied during their employment and not the California Labor Code. As to the non-preempted claims, Dignity Health contends that they are subject to this Court's supplemental jurisdiction and properly removed.

In reply, Plaintiffs argue that they are not making any claim regarding a failure to pay

earned overtime. Rather, they are "contesting the use of the rounding mechanism which deprives hourly employees of payment of wages for all time worked." ((Doc. 6 at p. 3.) (emphasis omitted). Plaintiffs reiterate that their claims arise under state law and are independent of the CBAs. Plaintiffs further contend that no interpretation of the CBAs is needed for the unpaid wage claim.

### III. Legal Standards

Federal courts are courts of limited jurisdiction and may adjudicate only those cases authorized by the United States Constitution and statute. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). A defendant may remove a civil action filed in state court to federal court if it is based on diversity jurisdiction or presents a federal question. 28 U.S.C. § 1441; *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 163 (1997). Here, Dignity Health asserts that this Court has federal question jurisdiction. (Doc. 1 at p. 2 and ¶¶ 15-17.) A case presents a federal question if a claim "aris[es] under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

The removal statutes are strictly construed, and removal jurisdiction is to be rejected in favor of remand to the state court if there are doubts as to the right of removal. *Nevada v. Bank of Am. Corp.*, 672 F.3d 661, 667 (9th Cir. 2012); *Geographic Expeditions, Inc. v. Estate of Lhotka*, 599 F.3d 1102, 1107 (9th Cir. 2010); *Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1087 (9th Cir. 2009); *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). The defendant seeking removal of an action from state court bears the burden of establishing grounds for federal jurisdiction. *Geographic Expeditions*, 599 F.3d at 1106–07; *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009); *Gaus*, 980 F.2d at 566–67. The district court must remand the case "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c); *see also Smith v. Mylan, Inc.*, 761 F.3d 1042, 1044 (9th Cir. 2014); *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (holding that remand for lack of subject matter jurisdiction "is mandatory, not discretionary").

### IV. Analysis

In removing this action, Dignity Health maintains that this Court has subject matter

jurisdiction over Plaintiffs' lawsuit, contending that Plaintiffs' claim for overtime pay is preempted under § 301 of the LRMA because California overtime law does not apply to an employee working under a qualifying collective bargaining agreement ("CBA"). (Doc. 1 at p. 2 and ¶¶ 15-17.) Dignity Health asserts that during their employment, Plaintiffs Wise and Hunter-Neal worked subject to the terms and conditions of CBAs that provided for the wages, hours of work, and working conditions of employees. (*Id.* at ¶¶ 3-5.)

"Ordinarily, a defendant's assertion of a federal affirmative defense to a state law claim does not render the action removable." *Van Bebber v. Dignity Health*, No. 1:19-cv-00264-DAD-EPG, 2019 WL 4127204, at *2 (E.D. Cal. Aug. 30, 2019). Rather, "[t]he presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc. Williams*, 482 U.S. 386, 392 (1987). "A state action cannot be removed to federal court based on a federal defense, even that of preemption ... but it can be removed if completely preempted: the preemptive force of a statute may be so extraordinary that it converts an ordinary state common-law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule." *Young v. Anthony's Fish Grottos, Inc.,* 830 F.2d 993, 996–97 (9th Cir. 1987) (internal citations and quotations omitted) (quoting *Caterpillar, Inc.*, 482 U.S. at 393). "[T]o remove a state law claim to federal court under the complete preemption doctrine, federal law must both completely preempt the state law claim and supplant it with a federal claim." *Id.* at 997.

The LMRA is one of only a handful of statutes that the Supreme Court has held completely preempts state law. *See, e.g., Watkins v. Woodridge Prods., Inc.*, No. CV 19-5821 PSG (MAAx), 2020 WL 949513, at *2 (C.D. Cal. Feb. 27, 2020) (citing *Lingle v. Norge Div. of Magic Chief, Inc*., 486 U.S. 399, 405–06 (1988)). A civil complaint raising claims preempted by § 301 raises a federal question that can be removed to a federal court. *Curtis v. Irwin Indus., Inc*., 913 F.3d 1146, 1152 (9th Cir. 2019).

In *Burnside v. Kiewit Pacific Corp.*, 491 F.3d 1053 (9th Cir. 2007), the Ninth Circuit set forth a two-part inquiry to determine whether a state law claim is preempted by section § 301.

First, courts must inquire "whether the asserted cause of action involves a right conferred upon an employee by virtue of state law, not by a CBA." *Id.* at 1059. "If the right exists solely as a result of the CBA, then the claim is preempted." *Id.* If not, then courts proceed to the second part of the inquiry and ask whether the right is "nevertheless 'substantially dependent on analysis of a collective-bargaining agreement.'" *Id.* (quoting *Caterpillar*, 482 U.S. at 394). "If such dependence exists, then the claim is preempted by section 301." *Burnside*, 491 F.3d at 1059-60. Once preempted, "any claim purportedly based on that pre-empted state law is considered, from its inception, a federal claim, and therefore arises under federal law." *Caterpillar*, 482 U.S. at 393; *see also Diaz v. Sun-Maid Growers of Cal.*, No. 1:19-cv-00149-LJO-SKO, 2019 WL 1785660, at *7–8 (E.D. Cal. Apr. 24, 2019) (denying motion to remand after determining plaintiff's overtime claim preempted by § 301).

<u>Preemption of Plaintiffs' Overtime Claim</u>

Plaintiffs argue that remand is warranted because the claim for restitution of unpaid wages is not based upon the CBA, does not require interpretation of the CBA, and is not preempted. (Doc. 4-1 at pp. 2-3, 6-8.) Plaintiffs further contend that there is no separate claim for overtime, except to the extent it results from the failure to pay wages due to rounding under Labor Code §§ 510, 1194 and 1198. (*Id.* at p. 8.)

Dignity Health counters that Plaintiffs' right to overtime derives from the CBAs that applied to their employment and not the California Labor Code. (Doc. 5 at p. 2.) Specifically, Dignity Health asserts that Plaintiffs' claim for overtime under Labor Code § 510 is LMRA-preempted pursuant to Labor Code § 514. (*Id.* at p. 9.) Section 514 of the California Labor Code provides that § 510 does not apply "to an employee covered by a valid collective bargaining agreement if the agreement expressly provides for the wages, hours of work, and working conditions of the employees, and if the agreement provides premium wage rates for all overtime hours worked." *Id.* § 514. "In other words, where the CBA contains rules governing overtime (among other things), those rules effectively displace the relevant provisions of the California Labor Code." *Van Bebber*, 2019 WL 4127204, at *3.

As noted above, the first step in the § 301 preemption analysis is to determine "whether

the asserted cause of action involves a right conferred upon an employee by virtue of state law," or if instead the right is conferred by a CBA. *Burnside*, 491 F.3d at 1059.  "If [plaintiffs'] CBAs in this case meet the requirements of section 514, [plaintiffs'] right to overtime 'exists solely as a result of the CBA,' and therefore is preempted under § 301." *Curtis,* 913 F.3d at 1154 (quoting *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1032 (9th Cir. 2016)).

As to the relevant CBAs, Dignity Health submits the declaration of Nicolas G. Stone, Human Resources Business Partner at Dignity Health. (Doc. 5-2 ("Stone Decl.") at ¶ 1.)  Stone is assigned to work at Mercy Medical Center ("MMC"), where the named plaintiffs and the putative class members also were employed.  (*Id.*; Doc. 5-1, Ex. H at ¶ 9.)  According to that declaration, Stone has access to MMC's personnel files, including those of the named plaintiffs.  Stone also has knowledge of the CBAs that regulate the terms and conditions of work for union employees at MMC.  (Stone Decl. at ¶¶ 2, 10.)  Stone avers that Plaintiffs Wise and Hunter-Neal were members of the American Federation of State, County, and Municipal Employees ("AFSCME") during their employment.  (*Id*. at ¶¶ 5-6.)  As members of AFSCME, Plaintiffs Wise and Hunter-Neal worked subject to the terms and conditions of CBAs between AFSCME and Dignity Health.  (*Id.* at ¶¶ 8-9.)  Two CBAs applied during the potentially relevant time period, both of which provided for the wages, hours of work, and working conditions of employees. (Stone Decl., at ¶¶ 11-12, Exh. D at pp. 11-12 (working conditions), 17-18 (hours of work, including overtime), 13-16, 55-81 (compensation); Exh. E, at pp. 11-12 (working conditions), 18-19 (hours of work, including overtime), 13-18, 49-78 (compensation).)  One was in effect between July 1, 2014, and June 30, 2018. (Stone Decl., ¶ 11, Exh. D.) The second was in effect between September 24, 2018, and June 30, 2022.[2]  (Stone Decl., ¶ 12, Exh. E.)

If the CBAs at issue meet the requirements set forth in § 514, then Plaintiffs' overtime

---

[2] Dignity Health notes that there is a potential "coverage gap" between the first and second CBAs – i.e., between June 30, 2018 – when the first CBA was dated to end – and September 24, 2018 – when the second CBA was dated to begin. (Doc. 5 at p. 4.)  Dignity Health explains, however, that under Article 39 ("Duration") of the first CBA, the first CBA remained "in full force and effect from July 1, 2014, to June 30, 2018, and thereafter from year to year," unless and until either the union or Dignity Health gave notice of its intent to end the contract. (*Id.*, citing Stone Decl., ¶ 11, Exh. D at p. 43.).  According to Dignity Health, neither party gave such notice. (*Id.*, citing Stone Decl. ¶ 13.)

6

compensation claim is preempted by Section 301 of the LMRA as it exists "solely as a result of the CBA." *Curtis*, 913 F.3d at 1154; *Rodriguez v. Sukut Constr., Inc.*, No. 1:22-CV-01181-CDB, 2022 WL 17547526, at *7 (E.D. Cal. Dec. 9, 2022); *see also Martinez v. Omni Hotels Mgmt. Corp.*, 514 F. Supp. 3d 1227, 1236 (S.D. Cal. 2021) (concluding plaintiff's right to unpaid overtime is preempted under the first step of the Ninth Circuit's preemption test if a CBA meets the requirements of § 514). For § 514 to apply, the CBAs at issue must expressly provide for the wages, hours of work, working conditions of the employees, as well as premium wages to be paid, and an hourly rate above the statutory threshold. Cal. Lab. Code § 514.

Here, the CBAs provide for wages, hours of work, working conditions, as well as premium wages to be paid. (*See* Stone Decl., at ¶ 11, Exh. D and ¶ 12, Exh. E,) Dignity Health also maintains that the AFSCME CBAs at issue here have previously been found to satisfy the requirements of Labor Code § 514 by the district court in *Van Bebber*, 2019 WL 4127204, at *8. (Doc. 5 at p. 7.)

Plaintiffs have not challenged Dignity Health's assertions that the CBAs meet the requirements of § 514, nor have Plaintiffs Wise and Hunter-Neal challenged that they are subject to those CBAs. Plaintiffs admit that the CBAs define when overtime will be paid and at what rate they will be paid, but argue that they are not asserting that Dignity Health failed to pay overtime wages pursuant to the CBAs. (Doc. 6 at p. 3.) Instead, they are challenging Dignity Health's rounding mechanism, which allegedly "deprives hourly employees of payment of wages for all time worked" under state statutory law. (*Id.*) Even so, courts have found preemption under § 301 of the LMRA and the exemption under § 514 of the California Labor Code applicable to claims alleging that rounding resulted in unpaid overtime hours. *See*, *e.g.*, *Garza v. WinCo Holding, Inc. dba WinCo Foods, et al.*, No. 1:20-cv-01354-JLT-HBK, 2022 WL 902782, at *12 (E.D. Cal. Mar. 28, 2022); *Hines v. Constellis Integrated Risk Mgmt. Servs.*, No. CV 20-6782 PA (PLAx), 2020 WL 5764400, at *4 (C.D. Cal. Sept. 25, 2020) (rejecting argument that detrimental rounding policy precluded invocation of § 514's overtime exemption); *cf. In re Verity Health Sys. of California, Inc.*, No. 2:18-BK-20151-ER, 2019 WL 2461688, at *5 (Bankr. C.D. Cal. June 11, 2019) (finding claims involving alleged failure to pay required overtime pay by rounding down

hours preempted).

In challenging removal, Plaintiffs argue that the Court lacks subject matter jurisdiction because there are no federal questions presented on the face of the SAC, and there is not one mention of a CBA. (Doc. 4-1 at p. 4; Doc. 6 at p. 6.) Some district court cases have agreed with Plaintiffs' argument, finding that subject matter jurisdiction does not exist when the complaint is based on violations of state law, not a CBA, or fails to mention a CBA. *See, e.g., Gonzalez Quiroz v. Coffman Specialties, Inc.*, No. 20-CV-1779-CAB-AHG, 2020 WL 7258725, at *3-*4 (S.D. Cal. Dec. 10, 2020); *Bryant v. Cath. Healthcare W.*, No. CV 11-07490 DDP (JCGx), 2012 WL 3425649, at *2 (C.D. Cal. Aug. 13, 2012) (finding no preemption where plaintiffs expressly based their claim on violations of the Labor Code and Wage Orders, not on violations of the CBA); *Placencia v. Amcor Packaging Distribution, Inc.*, No. SACV 14-0379 AG (JPRx), 2014 WL 2445957, at *3 (C.D. Cal. May 12, 2014) (acknowledging plaintiff, as the master of his complaint and finding insufficient grounds for removal where plaintiff chose to plead his overtime claim under California law, not under the CBA). However, "there is a greater number of recent cases that conclude that an affirmative defense of Section 301 alone is sufficient to raise a federal question that can be removed." *Jimenez v. Young's Mkt. Co.*, LLC, No. 21-cv-02410-EMC, 2021 WL 5999082, at *7 (N.D. Cal. Dec. 20, 2021) (discussing cases); *see also Van Bebber*, 2019 WL 4127204, at *9 ("The court is also unpersuaded by the suggestion that preemption is inapplicable where, as here, the operative complaint "never mentions the CBAs.").

Plaintiffs note that their overtime claim is also based under Cal. Lab. Code §§ 1194 and 1198. Section 1194 entitles an employee to recover any unpaid balance of the full amount of his minimum wage or overtime compensation, "[n]otwithstanding any agreement to work for a less wage." Cal. Lab. Code § 1194. Section 1198 provides that working for more than the maximum hours of work and the standard conditions of labor fixed by the commission is unlawful. Cal. Lab. Code § 1198. Similar to the overtime claim here, courts have found that the applicability of a CBA that fulfills the requirements of § 514 preempted overtime claims based on §§ 510, 1194 and 1198. *See Jimenez*, 2021 WL 5999082, at *10 (collecting cases).

Plaintiffs also generally argue that remand is warranted because their claims are

"California statutory wage rights which may be maintained independent of the existence of any CBA, as these rights do not evolve from the CBA and cannot be waived or negotiated away by a CBA. (Doc. 4-1 at p. 7.)  This argument has been rejected by *Van Bebber* as directly contrary to the California Court of Appeal's decision in *Vranish v. Exxon Mobil Corp.*, 223 Cal. App. 4th 103, 111 (2014), which "recognized that certain right can be negotiated away by a CBA, and that § 514 contemplates precisely such an arrangement." *Van Bebber,* 2019 WL 4127204, at *8.

Based on the above, the Court concludes that Plaintiffs' overtime claim is preempted under "step one" of the § 301 preemption analysis, and the Court need not address Plaintiffs' arguments at "step two." *Jimenez*, 2021 WL 5999082, at *6 ("[I]f the asserted cause of action involves a 'right [that] exists solely as a result of the CBA,' then the claim is preempted, and the analysis ends there without proceeding to step two.").

Plaintiffs' Remaining Claims

It is unnecessary to determine whether Plaintiffs' remaining claims are preempted.  Those claims relate to the same defendant and are grounded in Plaintiffs' employment during the same period of time.   Therefore, to the extent Plaintiffs' remaining claims are not subject to preemption, supplemental jurisdiction over such claims would be appropriate.  *See* 28 U.S.C. § 1367(a).

**V.    Conclusion and Order**

For the reasons stated, Plaintiffs' motion to remand (Doc. 4) is DENIED.

IT IS SO ORDERED.

Dated:   **December 1, 2023**              /s/ *Barbara A. McAuliffe*            _
                                                                                          UNITED STATES MAGISTRATE JUDGE