UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MICHELE WALKER, PEARL IRENE WISE, and TAMI HUNTER-NEAL, on behalf of themselves and all others similarly situated,

Plaintiff,

v.

DIGNITY HEALTH, a California Corporation, dba MERCY MEDICAL CENTER – MERCED and DOES 1 to 100,

Defendants.

Case No.  1:23-cv-00349-FJS

ORDER RE: MOTION OF WITHDRAWAL AS ATTORNEY

(ECF Nos. 41; 44)

I.     INTRODUCTION

On May 14, 2026, Frontier Law Center filed a motion to withdraw as attorneys for Plaintiff Tami Hunter-Neal. (ECF No. 41.) Additionally, on May 20, 2026, Janelle Carney filed a motion to withdraw as attorney for Plaintiff Tami-Hunter Neal. (ECF No. 44.) No opposition to the motions was filed. (*See* Docket.) Therefore, the court, having reviewed the record, finds this matter suitable for decision without oral argument.  *See* L.R. 230(g).

For the reasons set forth below, the motions to withdraw are GRANTED.

II.    BACKGROUND

On May 31, 2022, Plaintiffs Michele Walker, Pearl Irene Wise, and Tami Hunter initiated a class action against Defendant Dignity Health in Merced County Superior Court. The action

was removed to the United States Court for the Eastern District of California on March 9, 2023. (ECF No. 1.)

On April 15, 2026, this court granted the parties' stipulation to extend the class certification deadline to June 1, 2026. (ECF No. 38.) On May 22, 2026, the court further granted the parties' stipulation to extend the class certification deadline to July 1, 2026. (ECF No. 45.)

On May 14, 2026, Frontier Law Center filed a motion to withdraw as attorneys for Plaintiff Tami Hunter-Neal ("Plaintiff"). (ECF No. 41.) Frontier Law Center primarily relies on the declaration of Adam Rose. (ECF No. 41 at 4.) The declaration outlines the various methods used to reach Plaintiff but notes that counsel has not received any communication since April 21, 2026. (*Id*.) The declaration further sets forth Plaintiff's last known address.

On May 20, 2026, Attorney Janelle Carney filed a motion to withdraw as attorney for Plaintiff. (ECF No. 44.) In support of her motion, Attorney Janelle Carney declared that despite her attempts to correspond with Plaintiff by email, telephone, and outreach to Plaintiff's last known address, she has not been able to contact Plaintiff. (*Id.*)

III.    LEGAL STANDARD

Withdrawal of counsel is governed by the Rules of Professional Conduct of the State Bar of California, and the Local Rules for the United States District Court, Eastern District of California. *See* L.R. 182; *L.S. ex rel. R.S. v. Panama Buena Vista Union Sch. Dist.*, No. 1:12- CV-00744 LJO, 2012 WL 3236743, at *1 (E.D. Cal. Aug. 6, 2012). In the Eastern District of California, attorneys representing parties to a civil case are subject to this Court's Local Rule 182(d) which provides:

> Unless otherwise provided herein, an attorney who has appeared may not withdraw leaving the client in propria persona without leave of court upon noticed motion and notice to the client and all other parties who have appeared. The attorney shall provide an affidavit stating the current or last known address or addresses of the client and the efforts made to notify the client of the motion to withdraw. Withdrawal as attorney is governed by the Rules of Professional Conduct of the State Bar of California, and the attorney shall conform to the requirements of those Rules. The authority and duty of the attorney shall continue until relieved by order of the Court issued hereunder. Leave to withdraw may be granted subject to such appropriate conditions as the Court deems fit.

2

L.R. 182(d); *see also Thomas v. Experian Info. Sols., Inc.*, 2014 WL 7359180, at *1 (E.D. Cal. Dec. 23, 2014) ("Whether to grant leave to withdraw is subject to the sound discretion of the Court and 'may be granted subject to such appropriate conditions as the Court deems fit.'"); *Canandaigua Wine Co., Inc. v. Moldauer*, 2009 WL 89141, *1 (E.D. Cal. Jan. 14, 2009) (determining decision to grant or deny counsel's motion to withdraw is committed to the discretion of the trial court).

The California Rules of Professional Conduct provide that if the rules of a court require permission for an attorney to withdraw, the attorney may not withdraw from employment in a proceeding without the permission of such court. Cal. R. Prof. Conduct 1.16(c). In addition, counsel must take reasonable steps to avoid prejudicing the rights of the client, including providing notice, allowing time for the client to employ other counsel, and complying with applicable laws and rules. Cal. R. Prof. Conduct 1.16(d).

"In ruling on a motion to withdraw, some courts have looked to the following factors: 1) the reasons why withdrawal is sought; 2) the prejudice withdrawal may cause to other litigants; 3) the harm withdrawal might cause to the administration of justice; and 4) the degree to which withdrawal will delay the resolution of the case." *Canandaigua*, 2009 WL 89141 at *1. Additionally, "[l]eave to withdraw may be granted subject to such appropriate conditions as the Court deems fit." L.R. 182(d).

IV.    DISCUSSION

As an initial matter, both Frontier Law Center and Attorney Janelle Carney have complied with Local Rule 182 by filing proofs of service and declarations outlining their efforts to contact Plaintiff and Plaintiff's last known address. *See* L.R 182(d). (ECF Nos. 42; 44-4)

The Court will first consider the reasons why withdrawal is sought. *Canandaigua*, 2009 WL 89141 at *1. Both Frontier Law Center and Attorney Janelle Carney argue that Plaintiff's repeated lack of response to communications from counsel since April 21, 2026, has made representation "infeasible" and thus unreasonably difficult under California Code of Professional Conduct Rule "1.6(b)(6)." (*See* ECF Nos. 41; 44.)

The court notes, that Rule 1.6(b)(6) of the California Rules of Professional Conduct generally concern lawyer-client confidentiality, not the termination of representation. *See* Cal. R. Prof. Conduct 1.6. Instead, the court construes Counsel's motions and arguments as relying upon California Rule of Professional Conduct 1.16(b)(4), which allows for permissive withdrawal of representation where the "client by other conduct renders it unreasonably difficult for the lawyer to carry out the representation effectively." Cal. R. Prof. Conduct 1.16(b)(4). Nonetheless, the court finds that Frontier Law Center and Attorney Janelle Carney's ability to provide effective representation has been rendered unreasonably difficult due to Plaintiff's repeated failure to communicate with counsel for necessary scheduling and discovery matters. *See Overfield v. Wellpath Cmty. Care, LLC,* No. 2:24-CV-00199-TLN-AC, 2026 WL 564692 at *1 (E.D. Cal. Feb. 27, 2026) (finding representation unreasonably difficult where defendant failed to authorize continued representation or otherwise communicate).

The court will next consider the prejudice withdrawal may cause to other litigants, harm to the administration of justice, and the degree to which withdrawal will delay the resolution of the case. *Canandaigua*, 2009 WL 89141 at *1. Here it is unlikely that prejudice will result to other litigants because Plaintiff Irene Wise is an active, named representative for the proposed class. Furthermore, Plaintiff Tami Neal-Hunter has other counsel on record to represent her even if Frontier Law Center and Attorney Janelle Carney are permitted to withdraw. (*See* Dkt.) In fact, allowing counsel to prioritize scheduling and preparation of other named plaintiffs who are willing to communicate with counsel in advance of depositions for class certification, further minimizes the risk of prejudice to other litigants. *See White v. Experian Info. Sols., Inc.*, 2009 WL 10670553, at *12 (C.D. Cal. May 7, 2009) (collecting cases) ("Numerous courts have held that class counsel has a duty to do what is in the best interests of the class.")

In absence of other pending motions in this case the court also finds that the risk of prejudice is low. *See Overfield,* 2026 WL 564692 at *1. Finally, the harm to the administration of justice and delay to the resolution of the case is minimal, because the Plaintiff otherwise has until July 1, 2026, to participate in depositions related to the class certification with her remaining counsel of record. (*See* ECF No. 45.) Furthermore, allowing Frontier Law Center and Attorney Janelle

4

Carney to focus on effectively representing the remaining parties who are actively communicating, supports a finding that the administration of justice will not be harmed or delayed by counsel's withdrawal, particularly where no other party has filed an opposition. *See Wayback Franchising LLC v. MGHA Restaurants, Inc.,* No. 1:25-CV-00318-KES-FRS (EPG), 2026 WL 738535 (E.D. Cal. Mar. 16, 2026). Given these facts, the undersigned finds that the factors weigh in favor of granting Frontier Law Center and Attorney Janelle Carney's motions to withdraw.

V.   ORDER

For the foregoing reasons, it is HEREBY ORDERED that:

(1) Frontier Law Center's motion to withdraw as attorney for Plaintiff Tami Hunter-Neal (ECF No. 41.) is GRANTED; and

(2) Attorney Janelle Carney's motion to withdraw as attorney for Plaintiff Tami Hunter-Neal (ECF No. 44) is GRANTED; and

(3) The Clerk of the Court shall reflect this change on the court's docket and relieve Frontier Law Center and Attorney Janelle Carney as attorneys of record for Plaintiff Tami-Hunter Neal; and

(4) Withdrawing Counsel SHALL provide a copy of this order to the clients within <u>seven (7) days</u> of this order at 357 W. Alexander Ave., Merced, CA 95348;

(5) Plaintiff Tami Hunter-Neal is advised that pursuant to Local Rules 182(f) and 183(b) she is under a continuing duty to notify the Clerk and all other parties of any change of address or telephone number; and

(6) The hearing set for June 26, 2026, in Courtroom 8 (FJS) at 10:00 AM before Magistrate Judge Frank J. Singer is VACATED.

IT IS SO ORDERED.

Dated:   **June 10, 2026**

_____
UNITED STATES MAGISTRATE JUDGE

5