UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| MICHELE WALKER, PEARL IRENE WISE, and TAMI HUNTER-NEAL, on behalf of themselves and all others similarly situated,<br><br>                    Plaintiffs,<br><br>        v.<br><br>DIGNITY HEALTH, a California Corporation; dba MERCY MEDICAL CENTER -- MERCED; and DOES 1 to 100,<br><br>                    Defendants. | Case No. 1:23-cv-00349-FJS<br><br>ORDER TO SHOW CAUSE WHY PLAINTIFF TAMI HUNTER-NEAL SHOULD NOT BE DISMISSED AS CLASS PLAINTIFF; ORDER TO TERMINATE THEODORE TANG AS ATTORNEY OF RECORD FOR PLAINTIFF TAMI HUNTER-NEAL<br><br>FOURTEEN (14) DAY DEADLINE |

On June 10, 2026, this court allowed the following attorneys to withdraw as counsel of record for Class Plaintiff Tami Hunter-Neal ("Plaintiff"): Janelle Carney, Emanuel M. Starr, Robert L. Starr, and Adam Rose. (ECF No. 46.) Recognizing that Plaintiff has not been responsive to counsel in this action since April 21, 2026, the court found it necessary to confirm the status of Plaintiff's remaining attorney of record, Theodore Tang. (*See* ECF Nos. 41; 46.) Pursuant to the court's June 11, 2026, order, attorney Theodore Tang timely filed a status report indicating that he had not performed any work for Frontier Law Center or the Law Office of Robert L. Starr since October 17, 2025. (ECF No. 50.) Despite attorney Theodore Tang's "appearance" in this matter, he has in reality "never performed any work on [the] case." (*Id.* at

2.); *see also* L.R. 182(a)(2). Moreover, attorney Theodore Tang otherwise intended to relieve himself as counsel of record in this action when he attempted to update his address information in PACER. (*Id.* at 3.)

An attorney may not withdraw as counsel, leaving the client *in propria persona* except by leave of court. L.R. 182-83; *Canandaigua Wine Co. v. Edwin Moldauer,* No. 1:02-CV-06599-OWW-DLB, 2009 WL 89141, at *1 (E.D. Cal. Jan. 14, 2009). Given the court's previous findings that Plaintiff Tami Hunter-Neal has rendered effective representation unreasonably difficult for Frontier Law Center, the court gives leave for Theodore Tang, as a formerly associated Frontier Law Center attorney, to withdraw as counsel of record. (*See* ECF No. 46.)

Noting that withdrawal of remaining counsel of record would leave Plaintiff *in propria persona* in a matter involving both individual and class claims, the court finds it necessary to order Plaintiff to file a status report indicating whether she still intends to prosecute the action given her recent lack of participation. In general, "[a] litigant appearing *in propria persona* has no authority to represent anyone other than himself." *Russell v. United States,* 308 F.2d 78, 79 (9th Cir. 1966). If Plaintiff intends to proceed with her class claims she must find alternate counsel. If Plaintiff is hoping for another extension to the class certification deadline in the interim, the court cautions Plaintiff that a court is empowered to dismiss class allegations where a plaintiff makes "no effort to advance the cause of the putative class." *Sancho v. Vulcan Materials Co.*, No. 1:20-CV-00898-NONE-JLT, 2021 WL 2948886 (E.D. Cal. July 14, 2021), *report and recommendation adopted*, No. 1:20-CV-00898-NONE-JLT, 2021 WL 4306259 (E.D. Cal. Sept. 22, 2021)

To the extent that Plaintiff wishes to proceed *pro se* over her individual claims only, Plaintiff must seek leave to do so by way of a properly noticed motion or through stipulation. *See Connelly v. Starbucks Corp.,* No. 1:21-CV-00746-DAD-SAB, 2022 WL 686303, at *2 (E.D. Cal. Mar. 8, 2022). Provided Plaintiff hopes that her silence speaks for itself, in that she no longer wishes to litigate the action, the court places Plaintiff on notice that a lack of amendment, status report, notice of voluntary dismissal, or other response to this order will be construed by the court as a failure to prosecute. *Grayson v. Perez*, No. 1:24-CV-00311-KES-SKO, 2025 WL 333950

(E.D. Cal. Jan. 29, 2025) (where plaintiff fails to avail themselves of an opportunity to amend or file a notice of voluntary dismissal, subsequent dismissal for failure to prosecute is appropriate). If Plaintiff instead wishes to pursue this action as to her class and/or individual claims, she must respond to this order to show cause.

Accordingly, it is HEREBY ORDERED that:

(1) Plaintiff <u>shall respond to this order to show cause within seven (7) days</u> of this order clarifying which claims she intends to proceed with, if any, and notify the court of the identity of any new counsel within seven (7) days of the date of service of this order.

(2) In the alternative, Plaintiff may file a notice of voluntary dismissal. *See* Fed. R. Civ. P. 41.

(3) The Clerk of the Court is respectfully requested to terminate attorney Theodore Tang as counsel of record.

IT IS SO ORDERED.

Dated:    **June 18, 2026**

_____
UNITED STATES MAGISTRATE JUDGE

3