UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHELE WALKER, PEARL IRENE WISE, and TAMI HUNTER-NEAL, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>DIGNITY HEALTH, a California Corporation dba MERCY MEDICAL CENTER – and DOES 1 to 100,<br><br>Defendants. | Case No. 1:23-cv-00349-FJS<br><br>ORDER RE: ORDER TO SHOW CAUSE WHY PLAINTIFF TAMI HUNTER-NEAL'S CLASS CLAIMS SHOULD NOT BE DISMISSED<br><br>(ECF Nos. 51, 57)<br><br>ORDER RE: ORDER TO SHOW CAUSE WHY PLAINTIFF TAMI HUNTER-NEAL'S INDIVIDUAL CLAIMS SHOULD NOT BE DISMISSED<br><br>(ECF No. 59) |

I. <u>BACKGROUND</u>

On March 8, 2023, the above-captioned case was removed to the United States District Court for the Eastern District of California from Merced County Superior Court. (ECF No. 1.) On June 10, 2026, the court dismissed several of the attorneys listed as Plaintiff Tami Hunter-Neal's ("Plaintiff") counsel of record. (*See* ECF No. 46.) On June 18, 2026, this court discharged Plaintiff's remaining counsel of record, attorney Theodore Tang. (*See* ECF No. 51.) Counsel withdrew from representation because Plaintiff stopped communicating with them. (ECF No. 44-1 at 2.)

On June 18, 2026, due to Plaintiff's ongoing lack of communication, the court ordered Plaintiff Tami Hunter-Neal to show cause within fourteen (14) days why she should not be dismissed as class Plaintiff for failure to prosecute. (ECF No. 51.) On July 17, 2026, the court acting out of an abundance of caution, continued the deadline for Plaintiff to respond and directed the Clerk of the Court to serve Plaintiff a copy of the order to show cause at her last known place of address. (*See* ECF No. 57.)

On July 23, 2026, the court further ordered Plaintiff Tami Hunter-Neal to show cause within fourteen (14) days why her individual claims should not be dismissed for failure to prosecute. (ECF No. 59.) To date Plaintiff has not responded to either of the court's orders to show cause and the deadline to do so has passed. (*See* ECF Nos. 51, 59.)

II. DISCUSSION

Local Rule 110 provides that the '[f]ailure … of a party to comply with these Rules or with any order of the court may be grounds for imposition by the court of any and all sanctions … within the inherent power of the Court." District courts have the inherent power to control their dockets and "[i]n the exercise of that power they may impose sanctions including, where appropriate, … dismissal." *Thompson v. Hous. Auth.,* 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. *See, e.g., Ghazali v. Moran,* 46 F.3d 52, 53–54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Malone v. U.S. Postal Serv.,* 833 F.2d 128, 130–33 (9th Cir. 1987) (dismissal for failure to comply with court order).

"In determining whether to dismiss an action for lack of prosecution, the district court is required to weigh several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988) (internal quotation marks and citation omitted); *accord Omstead v. Dell, Inc.*, 594 F.3d 1081, 1084 (9th Cir. 2010); *In re Phenylpropanolamine (PPA) Products Liability Litigation*, 460 F.3d 1217, 1226 (9th Cir. 2006).

These factors guide a court in deciding what to do; they are not conditions that must be met in order for a court to take action. *In re PPA*, 460 F.3d at 1226 (citation omitted).

Here, the court, on two occasions, warned Plaintiff that that court would construe the failure to file an amendment, status report, notice of voluntary dismissal, or other response as a failure to prosecute. (*See* ECF No. 51 at 2; *see also* ECF No. 59 at 2.) The court cannot effectively manage its docket if Plaintiff ceases litigating or needlessly delays her case. Thus, the court finds that both the first and second factors weigh in favor of dismissal. *See Beck v. Quick Collect, Inc.,* 229 Fed.App'x. 478 (9th Cir. 2007) (holding district court does not abuse its discretion in dismissing an action after plaintiff fails to comply with court's order to file a joint status report).

Plaintiff has not communicated with her counsel since April 2026. (*See generally* ECF Nos. 41, 44.) More importantly, Plaintiff has not participated in this action since this court began dismissing her counsel of record in May 2026. (*See* Dkt.) Plaintiff's repeated lack of cooperation and participation has thus contributed to delay in the class certification process and, consequently, the progress of the litigation. (*See* ECF No. 43 (arguing that there is good cause to extend the class certification deadline, partially due to Counsel for Plaintiff's desire to be relieved as counsel of record for Tami Hunter-Neal).) Accordingly, the third factor—risk of prejudice to defendant—weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. *Anderson v. Air W.*, 542 F.2d 522, 524 (9th Cir. 1976).

The fourth factor usually weighs against dismissal because public policy favors disposition on the merits. *Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002). But "this factor lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction," which is the case here. *In re PPA*, 460 F.3d at 1228.

Finally, the court's warning to a party that failure to obey the court's order will result in dismissal satisfies the "considerations of the alternatives" requirement. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). Both the June 18, 2026, order to show cause (ECF No. 51) and

the July 23, 2026, order to show cause (ECF No. 59), explained that Plaintiff's failure to respond to the court's order would be construed as a failure to prosecute. Both of these orders were provided to Plaintiff at her last known place of address by the Clerk of the Court. (*See* Dkt.) Thus, Plaintiff had adequate warning that dismissal could result from her noncompliance.

Additionally, at this stage in the proceedings there is little available to the court that would constitute a satisfactory lesser sanction while protecting the court from further unnecessary expenditure of its scarce resources. *Carey*, 856 F.2d at 1441. Although Plaintiff is not proceeding *in forma pauperis* in this action, it appears monetary sanctions would be of little use, and the preclusion of evidence or witnesses is likely to have no effect given that Plaintiff has ceased litigating her case.

This action cannot meaningfully or efficiently proceed without Plaintiff's compliance with the court's orders or cooperation with other parties in the litigation. *See Malone*, 833 F.2d at 130–33 (dismissal for failure to comply with court order). Accordingly, the undersigned finds that the factors outlined above weigh in favor of dismissing Plaintiff's individual and class claims without prejudice.

## III. CONCLUSION AND ORDER

For the reasons explained above, the court finds that dismissal is the appropriate sanction and hereby orders that this action be dismissed, without prejudice, for failure to obey a court order and for Plaintiff's failure to prosecute this action. Accordingly, it is HEREBY ORDERED that:

(1) Plaintiff Tami Hunter-Neal's individual and class claims are dismissed without prejudice for failure to comply with a court order, failure to comply with the Local Rules, and failure to prosecute; and

(2) The Clerk of Court is directed to terminate Plaintiff Tami-Hunter Neal as Plaintiff in this case; and

(3) The Clerk of the Court is directed to provide Plaintiff Tami Hunter Neal a copy of this order.

IT IS SO ORDERED.

Dated: **September 24, 2026**

UNITED STATES MAGISTRATE JUDGE