UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHELE WALKER, PEARL IRENE WISE, and TAMI HUNTER-NEAL, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>DIGNITY HEALTH, a California Corporation; dba MERCY MEDICAL CENTER – MERCED; and DOES 1 to 100,<br><br>Defendants. | Case No. 1:23-CV-00349-FJS<br><br>ORDER GRANTING PLAINTIFF'S MOTION TO STRIKE DECLARATIONS IN PART<br><br>(ECF No. 60) |

I. INTRODUCTION

Plaintiffs move to strike (ECF No. 60) twenty-one declarations Defendant filed in support of its motion to deny class certification (ECF No. 56-4). All but one of the twenty-one authoring declarants are members of a certified class action currently pending before another judge of this court. *Van Bebber v. Dignity Health*, No. 1:19-cv-00264-KES-EPG. Plaintiff argues that defense counsel's coordination and communications with the declarants to prepare declarations in this lawsuit violate Rule 4.2 of the California Rules of Professional Conduct's prohibition of communications with represented parties.

For the reasons discussed below, Plaintiff's motion is granted in part. Twenty of the

twenty-one declarations will be stricken. Defendant, however, will be permitted to substitute alternative citations for the stricken declarations.

II. BACKGROUND

In 2017, a group of employees from Dignity Health filed *Van Bebber*, a class action lawsuit that alleged various employment law violations. That lawsuit was removed to federal court and, in February 2019, the district court certified some of the requested subclasses. (*Van Bebber*, No. 1:19-cv-00264-KES-EPG, ECF No. 79.) One of the subclasses focuses on "rounding," while another certified class includes challenges to the sufficiency of employee paystubs. (*Id.* at ECF No. 79 at 4.)

In 2022, Plaintiffs here filed this lawsuit ("*Walker*"), a class action lawsuit against Dignity Health—the same defendant named in *Van Bebber*. Defendant moved to stay the *Walker* suit while in state superior court on the ground that the *Walker* suit overlapped with the *Van Bebber* action. (*See generally* ECF No. 69 at 2-3.) The *Walker* Plaintiffs successfully opposed that stay motion, arguing that there was no overlap between *Walker* and *Van Bebber*. (*Id.* at 3; *see also* ECF No. 71 at 3.) *Walker* was also removed to federal court and the parties consented to magistrate judge jurisdiction. (ECF Nos. 1, 10.)

The same counsel that seek to be certified as class counsel in *Walker* represent the *Van Bebber* plaintiffs and *Van Bebber* class members. Defendant Dignity Health is represented by the same counsel in both *Van Bebber* and *Walker*. Neither party filed a notice of related case following *Walker's* removal to federal court.

Defendant moved to deny class certification in *Walker*. (ECF No. 56.) In support of that motion, Defendant filed twenty-one declarations from current or former Dignity Health employees. (*See* ECF No. 56-4) Those declarations largely track one another and address the individual declarant's testimony on (1) the timeliness of clocking in, (2) whether work is conducted off-the-clock, and (3) the adequacy of billing statements, among other topics. (*Id.*) Particularly germane to this order is a statement found in seventeen of the declarations at issue: "I never suffered any injury or harm of any kind whatsoever as a result of information included or not included on my pay stubs." (*See, e.g.,* ECF No. 56-4 at 11, 20, 27, 35, 44, 54, 64, 71, 81, 89,

97, 132, 106, 139, 149, 167, 184.)

Plaintiffs filed a motion to strike the declarations in *Walker*, arguing that the declarants are class members in *Van Bebber* and the declarations evince improper communications between defense counsel and represented parties. (*See generally* ECF No. 60.)[1] In response, Defendants note that one of the twenty-one declarants opted out of the certified subclasses in *Van Bebber*. (ECF No. 61 at 4.) As to the remaining twenty declarants, defense counsel (1) disavows any intent to infringe on matters relating to *Van Bebber*, (2) points to the *Walker* Plaintiffs' prior assurances that the two suits do not overlap, and (3) alternatively argues that the remedy Plaintiffs seek is overbroad. (ECF Nos. 61 at 8, 69 at 5.) The court held oral argument on Plaintiffs' motion to strike on September 30, 2026. (ECF No. 73.)

While briefing Plaintiffs' motion, the parties have separately coordinated on depositions of the twenty-one declarants. (ECF Nos. 75, 78.)

## III. DISCUSSION

To resolve Plaintiffs' motion, the court must answer two broad questions: (1) whether Defendant's counsel violated Rule 4.2(a) of the California Rules of Professional Responsibility and, if so, (2) what the appropriate remedy for that violation should be.

### A. VIOLATION OF CALIFORNIA RULE OF PROFESSIONAL CONDUCT 4.2

Rule 4.2(a) states, "[i]n representing a client, a lawyer shall not communicate directly or indirectly about the subject of the representation with a person the lawyer knows to be represented by another lawyer in the matter, unless the lawyer has the consent of the other lawyer." The comments to Rule 4.2 explain that the terms *subject of the representation*, *matter*, and *person* "are not limited to a litigation context." Cal R. Prof. Conduct 4.2 cmt. 2. As explained further below, neither party asserts that unnamed putative class members in *Walker* are represented for purposes of Rule 4.2 and neither party disputes that unnamed members of the certified class member in *Van Bebber* are represented for purposes of Rule 4.2. Hence, the first

[1] Class counsel in *Van Bebber* filed a motion to disqualify defense counsel. (*Van Bebber*, 1:19-CV-00264-KES-EPG, ECF No. 134.) This order does not purport to address, resolve, or prejudice the disposition of that motion.

node in the decision tree of whether Defendant's counsel violated Rule 4.2 is whether the declarants are members of a certified subclass in *Van Bebber*. The court will, therefore, bifurcate its analysis on that distinguishing feature.

1. PUTATIVE MEMBERS IN *WALKER* WHO OPTED OUT OF *VAN BEBBER*.

The court resolves the easier issue first: whether to strike the declaration of Ms. Tarbell, who opted out of the *Van Bebber* class. Although Plaintiffs' motion sought to strike all twenty-one declarations (ECF No. 56-4 at 151-59), Defendant's observation that Ms. Tarbell opted out of the *Van Bebber* action (ECF No. 61 at 3 (citing *Van Bebber,* No. 1:19-CV-00262-KES-EPG, ECF No. 60-2 at 13)) spurred both parties to agree that Ms. Tarbell's declaration should not be stricken (ECF No. 64 at 5). Consequently, Plaintiff's motion will be denied as to Ms. Tarbell's declaration.

2. PUTATIVE MEMBERS IN *WALKER* WHO DID NOT OPT OUT OF *VAN BEBBER*.

The thornier issue presented in Plaintiff's motion is the applicability of Rule 4.2 of the California Rules of Professional Conduct to the twenty declarants who are class members in *Van Bebber*. *See* Cal R. Prof. Conduct 4.2. The parties present absolute positions on the propriety of communications where, like here, putative class members in one class action lawsuit are also members of a certified class in another, potentially related lawsuit: Plaintiffs seek a brightline prohibition of such communication by training on the class certification in *Van Bebber* (ECF No. 60-1 at 6 (citing *Hernandez v. Vitamin Shoppe Indus., Inc.*, 174 Cal. App.4th 1441 (2009)); Defendant seeks a brightline acceptance of such communication by training on the uncertified class in *Walker* (ECF No. 61 at 5 (citing *Atari, Inc. v. Superior Court*, 166 Cal.App.3d 867 (1985)). The court finds that this issue cannot be resolved through either brightline rule.

As to the elements of Rule 4.2, it is undisputed (1) that defense counsel communicated with the twenty declarants while "representing a client," (2) that defense counsel communicated directly with the twenty declarants, (3) that defense counsel knew that the declarants were class members of the certified subclasses in *Van Bebber*, and (4) that defense counsel did not obtain Plaintiffs' counsel's consent to communicate with the twenty declarants. The analysis, therefore,

focuses on whether the communications relating to the twenty declarations in *Walker* concern the "subject matter of the representation" in *Van Bebber*.

Class counsel represents unnamed class members in a certified class. *See Van Bebber,* No. 1:19-CV-00262-KES-EPG. Before certification, however, unnamed putative class members are not represented and either putative class counsel or defense counsel may approach and communicate with them. *Atari*, 166 Cal.App. at 873. The court does not accept that the absence of an attorney-client relationship in *Walker* negates the protection afforded to unnamed class members in *Van Bebber*. That said, the court can envision scenarios where defense counsel in an uncertified class action might be able to communicate with unnamed class members in a collateral certified class action without running afoul of Rule 4.2. That line, however, can quickly become quite thin. The court will look to the resulting work product of the communications between defense counsel in *Walker* and unnamed class members in *Van Bebber* to determine whether the line was crossed here.

One of the certified topics in *Van Bebber* involves whether Defendant's pay stubs failed to reflect the payment of proper wages due to rounding. (ECF No 60-2 at 5 (Ex. A at 2).) A common refrain from seventeen of the twenty declarations presented in Defendant's opposition to class certification in *Walker* is the disavowal of "any injury or harm of any kind whatsoever as a result of information included on or not included on my pay stubs." (60-1 at 3; *see also* ECF No. 56-4 at 11, 20, 27, 35, 44, 54, 64, 71, 81, 89, 97, 132, 106, 139, 149, 167, 184.) These two topics overlap. The declarant's statement secured in *Walker* could easily be used as an admission against interest of the same declarant/class member in *Van Bebber*. *Continental Ins. Co. v. Superior Court*, 32 Cal.App.4th 94, 112 (1995) ("[A]n important reason why the ethical rules bar ex parte communication is because statements made by the uncounseled party to an opposing attorney might be offered against that party as admissions in court, thereby seriously damaging [the] case."). And the breadth of this disavowal (i.e., no "injury or harm of any kind whatsoever" regardless of whether information was "included on or not included on" pay stubs) underscores the value in having *Van Bebber* class counsel "supervise the manner in which information is elicited." *Id.* at 112. Had *Van Bebber* class counsel been afforded an opportunity to "supervise the

manner in which information is obtained[,]" class counsel could have "prevented [their] client[s] from making statements which, through ambiguous use of language, may not accurately or fairly reflect the client's position." *Id.* at 112-13. Consequently, however innocuously the communication between *Walker* defense counsel and *Van Bebber* unnamed class members might have started, it culminated in matters that involve the subject of the representation in *Van Bebber* and, therefore, violates Rule 4.2.

The fact that putative class counsel in *Walker* disavowed overlap between *Walker* and *Van Bebber* in response to Defendant's motion to stay *Walker*, (ECF No. 2-2 at 614, 617, 618), does not negate the violation. Resolution of whether a Rule 4.2 violation occurred is not determined by which party correctly prognosticated whether there might be an overlap between the two actions; resolution turns on whether the communications that occurred violated Rule 4.2. And the fact that putative class counsel in *Walker* incorrectly posited that "[t]here are no potential conflicts that could arise, because Plaintiffs are representing different classes of employees than the prior action. Any rulings in [*Van Bebber*] ... will have no impact on Plaintiffs or the putative class's alleged claims, or Defendants' ability to defend themselves" in this action.," (ECF No. 2-2 at 618), does not constitute "consent of the other lawyer" under Rule 4.2.

B. <u>REMEDY</u>

Plaintiffs seek to strike the declarations submitted in support of Defendant's motion to deny class certification. (*See generally* ECF No. 60-1.) In forming the proper remedy for defense counsel's violation of Rule 4.2, the court must address whatever improper effect the misconduct may have had in *Walker*. *HTC Corp. v. Tech. Props., Ltd.*, 715F. Supp. 2d 968, 973 (N.D. Cal. 2010) (further holding that "[t]he court's goal is not to impose a penalty, as the propriety of punishment for violation of the Rules of Professional Conduct is a matter within the purview of the State Bar").

Because the twenty declarations evince a Rule 4.2 violation, the court will grant Plaintiff's motion to strike them. *Cf. United States v. Sierra Pac. Indus.*, 759 F. Supp. 2d 1206, 1214 (E.D.

Cal. 2010) (holding that information obtained through contacts that violate Rule 2-100[2] may not be used in litigation). Yet striking the declarations does not necessarily bar Defendant from presenting evidence that can be discovered through independent means. *Mills Land & Water Co. v. Golden West Refining Co.*, 186 Cal. App. 3d 116, 137 (citing *Standard Oil Co. v. State of Iowa*, 408 F.2d 1171, 1176 (8th Cir. 1969)). Here, Plaintiff agrees that the twenty *Walker* declarations contain information that was already proffered earlier through declarations filed in *Van Bebber* or that can be affirmed in ongoing depositions. (ECF No. 77 at 27:14-28:2; 31:1-21.) The court, therefore, will afford Defendant an opportunity to file a corrected motion to deny class certification that removes all references to the twenty declarations and substitutes alternative citations to other evidence (e.g., deposition transcripts or earlier *Van Bebber* declarations).

## IV. CONCLUSION AND ORDER

For the reasons stated above, Plaintiff's motion to strike is GRANTED IN PART. Except for the Tarbell declaration (ECF No. 56-4 at 151-59), the remaining twenty declarations filed at (ECF No. 56-4) are stricken from the record. Accordingly, the court HEREBY ORDERS as follows:

(1) The Clerk of the Court is HEREBY DIRECTED to STRIKE ECF No. 56-4 from the record; and

(2) Defendant may file a corrected motion to deny class certification that substitutes citations to the twenty now-stricken declarations with other evidence that will accompany the corrected motion (e.g., depositions citations or earlier *Van Bebber* declarations). Lisa Tarbell's declaration (ECF No. 56-4 at 151-159) may be re-filed as part of this correction and the citations to her declaration in Defendant's briefing should be updated to reflect this re-filing. The corrected motion must be filed by no later than November 6, 2026. The purpose of this corrected motion is to offer Defendant a chance to file substitute citations, not to alter or enlarge the arguments set forth in that motion; and

---

[2] Rule 2-100 of the California Rules of Professional Conduct was a prior enumeration of Rule 4.2.

(3) Plaintiff's response to that corrected motion will be due on November 20, 2026. (*See* ECF No. 79.)

IT IS SO ORDERED.

Dated: **October 30, 2026**

UNITED STATES MAGISTRATE JUDGE